## ELSING v. NOAH.

No. 5379. Opinion Filed October 5, 1915.

(152 Pac. 101.)

FRAUDS, STATUTE OF—Oral Contract of Sale—Question for Jury. Where one party has sold personal property to another, and later the seller comes into possession of it again through a deal with the purchaser, and the purchaser contends that under the last agreement, for a consideration. he relinquished his rights under the former contract, and the seller contends that under the last deal he purchased the property back under a contract which is void under the statute of frauds (Rev. Laws 1910, sec. 941), **held,** that this presents only an issue of fact, under proper instructions, to be determined by the jury.

(Syllabus by Brett, C.)

*Error from County Court, Pittsburg County;*
*W. T. Liedtke, Judge.*

Action by B. .F. Noah against John Elsing. Judgment for plaintiff, and defendant brings error. Affirmed.

*Wilkinson & Keith* and *Gray & McVay,* for plaintiff in error.

*A. C. Markley,* for defendant in error.

Opinion by BRETT, C. This is an appeal from the county court of Pittsburg county, in which court the defendant in error appeared as plaintiff and the plaintiff in error as defendant, and parties will be referred to as they appeared in the lower court. A trial was had to the court and jury, which resulted in a judgment for the plaintiff, and from this judgment the defendant appeals.

The pleadings and evidence show that the defendant, Elsing, on or about November 20, 1910, had sold Noah, the plaintiff, certain restaurant furniture and fixtures for $350; that $150 was paid in cash by Noah, and the payment of the balance of $200 was deferred; that subsequently Noah and one C. E. White became involved in litigation over this property, and under some sort of arrangement Noah turned the property back to Elsing, Noah contending that under this arrangement Elsing agreed that if Noah would release his contract rights in the property, and turn it back to Elsing, the latter would give him the $150 he had paid on the purchase price; that Noah did this, and Elsing had paid him only $5 of that amount, and owed him a balance of $145. The defendant insisted that this was not a relinquishment by Noah of his contract rights, but a sale of this property to Elsing, and that the sale was void, for the reason that the property was above the value of $50, and the contract

was not in writing, and the buyer did not receive any part of the property at the time of the sale, or at that time pay any part of the purchase price.

This presented an issue of fact, which was squarely submitted to the jury by the trial court; the court instructing the jury that, if they found that this was a relinquishment, by which the plaintiff for $150 released his contract rights in the property to the defendant, their verdict should be for the plaintiff for whatever amount they found to be due, but, if they found, on the other hand, that it was a sale of goods and chattels over the value of $50, and that the contract was not in writing, and the defendant at the time of entering into the contract paid no part of the purchase price of said property, and at that time received no part of the property, then the contract was void, and they should find for the defendant.

We think these instructions were clear; that they correctly stated the law, and fairly and clearly submitted the issue of fact to the jury. Under these instructions the jury were to determine whether this was a relinquishment of the plaintiff's contract rights or a sale. They found it to be a relinquishment, and we think that settled the controversy.

The defendant (plaintiff in error) cites section 941, Rev. Laws 1910, and many authorities, in support of his contention that an oral contract for the sale of chattels over the value of $50 is vo'd, unless the buyer receives or accepts a part of the goods, or at the same time pays part of the purchase money. That is undoubtedly the law, and the trial court so told the jury. Then the only issue remaining to be determined was one of fact. One party

claimed it was not a sale, and the other maintained that it was a sale, but void; and the jury's finding under the instructions given in this case settled that question.

The defendant also complains that the court refused to give certain requested instructions; but we have examined the requested instructions, and think it was not error for the court to refuse them.

We therefore recommend that the judgment be affirmed.

By the Court: It is so ordered.